Filed 4/10/25  P. v. Medel CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B334656 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA160903) |
| v. | |
| CARLOS ESEQUIEL MEDEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra A. Cole-Hall, Judge.  Affirmed as modified.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Deepti Vaadyala, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Carlos Esequiel Medel (defendant) stands convicted of several crimes associated with a high-speed flight from law enforcement.  On appeal, he raises one issue of instructional error and one sentencing error.  We need not decide whether there is any instructional error because any such error is harmless; we accordingly affirm defendant's conviction.  However, we agree there was a sentencing error and order the trial court to modify the judgment to stay one of the counts.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

In mid-January 2023, South Gate Police Department Officer Georgina Vargas activated her lights and siren to induce a white Ford van to pull over.  Officer Vargas saw defendant driving the van.  The van had been stolen four weeks earlier.

Defendant slowed down and appeared to be pulling the van over.

After Officer Vargas pulled up behind the van, defendant punched the accelerator and took off at high speed.  Officer Vargas gave chase, with lights flashing and sirens blaring.  Defendant blew through 11 stop signs and drove at speeds well in excess of the speed limit.  In light of defendant's dangerous driving, Officer Vargas broke off her pursuit, but not before transmitting the van's rear license plate number.

2

Just minutes later, South Gate Police Department Officer Victoria Lopez saw a white van with its lights off roll to a stop in an alleyway close to where Officer Vargas ended her pursuit. From inside her patrol car, Officer Lopez watched defendant stand at the rear of the van and try to bend its license plate.

When Officer Lopez got out of the car, defendant ran off. He sprinted to a nearby mechanic's shop and tried to get into its office. However, Jesus Manzaneda was sleeping in the shop's office and, after a struggle, pushed defendant away from the shop's door.

Defendant then ran to a Lincoln Navigator SUV and locked himself inside.

By that time, the police had formed a perimeter around the area and summoned an air unit. Officers in the air unit called out to defendant to surrender. South Gate Police Department Officer Gilberto Varela identified himself and ordered defendant to come out of the SUV. Defendant refused. The officers then shattered the SUV's windshield. Officer Varela again ordered defendant to come out of the SUV, and warned him that a K-9 would come after him, and bite him, if he did not obey. Defendant refused. Officer Varela dispatched the K-9, who entered the SUV and grabbed hold of defendant's arm, but defendant still refused commands to exit the vehicle so that the officers could release the K-9's bite. Defendant punched at the dog and tried to choke the dog.

The officers were then able to place defendant in handcuffs.

## II.  Procedural Background

In the operative amended information, the People charged defendant with (1) fleeing a pursuing peace officer's motor vehicle while driving recklessly, as a felony (Veh. Code, § 2800.2), (2)

recklessly driving on a highway (*id.*, § 23103, subd. (a)), (3) driving or taking a vehicle without consent (*id.*, § 10851, subd. (a)), (4) battery of Manzaneda (Pen. Code, § 242), and (5) resisting, delaying, or obstructing a peace officer for obstructing Officer Varela (*id.*, § 148, subd. (a)(1)). The People further alleged that defendant's 2021 first degree burglary conviction constituted a "strike" within our Three Strikes Law (Pen. Code, §§ 667, subd. (b)-(j), 1170.12, subds. (a)-(d)).

The jury convicted defendant of all counts, and defendant admitted his prior strike conviction.

The trial court sentenced defendant to a four-year prison sentence. The court imposed a four-year sentence on the felony fleeing charge, calculated as a mid-term sentence of two years, doubled due to the prior strike. The court imposed a 90-day sentence for the reckless driving count, 364 days for the driving or taking a vehicle count, six months for the battery count, and 364 days for the resisting arrest count; all of these other sentences ran concurrently to one another and to the felony sentence.

Defendant filed this timely appeal.

## DISCUSSION

### I. Instructional Error

Defendant argues that his conviction for resisting arrest must be vacated because the jury instructions were confusing and thereby eliminated one of the mens rea requirements for that offense. We evaluate jury instructions de novo. (*People v. Simon* (2016) 1 Cal.5th 98, 133.)

4

### A. *Pertinent facts*

The trial court instructed the jury on the crime of resisting arrest using the standard CALCRIM No. 2656 instruction. In pertinent part, the jury was instructed:

"the People must prove that:

> 1. Gilberto Varela was a peace officer lawfully performing or attempting to perform his duties as a peace officer;
>
> 2. The defendant willfully resisted, obstructed, or delayed Gilberto Valera in the performance or attempted performance of those duties;
>
>    AND
>
> 3. When the defendant acted, he knew, or reasonably should have known, that Gilberto Varela was a peace officer performing or attempting to perform his duties.
>
> Someone commits an act willfully when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage."

(Italics omitted.)

The court also instructed the jury using CALCRIM No. 252, which sorted the various crimes charged into those "requir[ing] general criminal intent" and those "requir[ing] a specific intent or mental state." The court listed "resisting arrest" as a general intent crime. With regard to general intent crimes, the court went on to instruct that:

> "For you to find a person guilty of these [general intent] crimes, that person must not only commit the

5

prohibited act or fail to do the required act, but must do so with wrongful intent. A person acts with wrongful intent when he or she intentionally does a prohibited act or fails to do a required act; however, it is not required that he or she intend to break the law. The act required is explained in the instruction for that crime."

## B. *Analysis*

Defendant does not dispute that the CALCRIM No. 2656 instruction listing the elements of the crime of resisting arrest correctly states the law. (Accord, *Yount v. City of Sacramento* (2008) 43 Cal.4th 885, 894-895.) Instead, he argues that the court's classification of resisting arrest as a "general intent" crime in CALCRIM No. 252 created a conflict—or, at a minimum, confusion—over whether the knowledge-based element in the CALCRIM 2656 instruction—namely, that the defendant knew or reasonably should have known that the person he willfully resisted was a peace officer in the performance of their duties— continued to apply. To be sure, a defendant's due process rights are violated when an intent element of a crime is effectively removed from the jury's charge, and such removal can occur when multiple instructions are conflicting or confusing. (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1164-1165, superseded by statute on other grounds as noted in *People v. Brooks* (2018) 23 Cal.App.5th 932, 946, fn. 17; *People v. Lee* (1987) 43 Cal.3d 666, 673-674.) In assessing whether two instructions conflict or are confusing, we must consider all instructions as a whole and ask ""whether there is a "reasonable likelihood that the jury has applied the challenged instruction[s] in a way"""" that they

conflict or are confusing. (*People v. Lemcke* (2021) 11 Cal.5th 644, 655.)

We need not grapple with whether there was instructional error because, even if we assume there was, that error was not prejudicial.

Because the instructional error here did not infect the jury's examination of the reckless evasion count, we take as a given that defendant was the person leading a marked police car through a high-speed chase. The evidence overwhelmingly established that, at the time defendant resisted Officer Varela's commands, he was surrounded by uniformed officers with an air unit circling overhead. On this record, and because defendant introduced no contrary evidence, the evidence overwhelmingly establishes that defendant knew or should have known the people he was resisting were peace officers engaged in the performance of their duties. (Accord, *People v. Canales* (2024) 106 Cal.App.5th 1230, 1251 [error under CALCRIM No. 252 instruction harmless where "proof" of mental state at issue "was overwhelming"].)

Defendant resists this conclusion with four arguments.

First, defendant asserts that there is a question of fact as to whether he knew the police were after him because *he* was not the person evading them in the van. The jury found to the contrary, and this finding regarding defendant's *conduct* is in no way affected by the alleged instructional error regarding defendant's *intent*.

Second, defendant argues that the evidence is conflicting as to whether he knew the police were *lawfully* engaged in their duties (that is, that the police were not unlawfully engaged in the use of excessive force). Textually, the showing defendant claims

7

is absent may not be required at all:  The knowledge requirement for the crime of resisting arrest under Penal Code section 148 requires that the defendant know or reasonably should know the person they are resisting is a peace officer in the performance of their duties; it does not also require that the defendant contemporaneously know the officer is *lawfully performing those duties*.  (*In re A.L.* (2019) 38 Cal.App.5th 15, 25 (*A.L.*) [suggesting no such knowledge requirement]; but see *People v. Southard* (2021) 62 Cal.App.5th 424, 438-439 [suggesting there may be prejudice due to such a requirement].)  But even if we accept as a practical matter that "[t]here may be no distinction between performing a duty and lawfully performing a duty, since an officer who is acting unlawfully cannot be said to be performing his or her duty" (*A.L.*, at p. 25), there was overwhelming evidence in this case that defendant knew the people he was resisting were officers attempting to arrest him in performing their duties and, more to the point, no evidence to the contrary—no evidence that defendant subjectively believed the officers were acting unlawfully (by using excessive force), and no evidence from which a reasonable jury could conclude that a reasonable person would believe the officers were acting unlawfully (by using excessive force).

Third, defendant argues that the evidence is conflicting as to whether he was on drugs at the time, and thus could not subjectively appreciate that the uniformed officers talking to him were peace officers.  However, our Supreme Court has held that the knowledge requirement turns not only on what a defendant *knows* about the status of the person he is resisting, but also what they *should have known*.  (*People v. Montiel* (1993) 5 Cal.4th 877, 916, overruled on other grounds, *People v. Sanchez*

8

(2016) 63 Cal.4th 665; compare *People v. Mackreth* (2020) 58 Cal.App.5th 317, 330-332 [adopting same rule as *Montiel*] with *A.L.*, *supra*, 38 Cal.App.5th at p. 22 [requiring actual knowledge].) Because constructive knowledge suffices, and because any reasonable person in defendant's situation would know the people he was resisting were peace officers, any error regarding the knowledge instruction was harmless.

Fourth and lastly, defendant points to inconsistencies in Officer Varela's testimony, but that does not bear on the facts relevant to showing what defendant knew or should have known from defendant's perspective.

## II. Sentencing Error

Defendant contends that his 90-day sentence for reckless driving must be stayed pursuant to Penal Code section 654 because it punishes the same act of driving that gave rise to the felony fleeing charge. The People concede this was error, and we agree.

Penal Code section 654 provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (Pen. Code, § 654, subd. (a).) Although this statute on its face prohibits multiple punishments for the same act, it "has also long been applied to cases where a 'course of conduct' violates several statutes." (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1252.)

The California Supreme Court established a two-step inquiry for courts to determine whether a defendant may be subject to multiple punishment. (*People v. Corpening* (2016) 2 Cal.5th 307, 311.) Courts must first consider whether "the

9

different crimes were completed by a 'single physical act.'" (*Ibid.*, quoting *People v. Jones* (2012) 54 Cal.4th 350, 358.)  A defendant's action is considered a single physical act if it completes the actus reus for each criminal offense.  (*Corpening*, at p. 313.)

Here, the same physical act—defendant's flight from police—completed the actus reus of the crimes of fleeing a pursuing peace officer's motor vehicle while driving recklessly in violation of Vehicle Code section 2800.2, *and* reckless driving in violation of Vehicle Code section 23103, subdivision (a).  Because both crimes were committed by the same act, the court erred in not staying the misdemeanor reckless driving offense under Penal Code section 654.

## DISPOSITION

The judgment is modified as follows:  The 90-day sentence for reckless driving in violation of Vehicle Code section 23103, subdivision (a), is stayed pursuant to Penal Code section 654.  As modified, the judgment is affirmed.  The trial court is directed to prepare and forward an amended abstract of judgment reflecting the modified sentence to the Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT

10

We concur:

_____, J.
BAKER


_____, J.
KIM (D.)